# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GERARDO SANCHEZ, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOBO INTRIGUING OBJECTS, LLC and MARK SAGE, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a furniture manufacturing company called Bobo Intriguing Objects.

2. Plaintiff worked in Defendants' company as a shipping associate, which

1

entailed preparing furniture orders for shipping to Defendants' customers around the United States.

3. Throughout Plaintiff's employment, Plaintiff received no overtime wages despite working excess of 40 hours each week.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' warehouse located at 6055 Boat Rock Avenue, SW, Atlanta, Georgia 30336, Fulton County, which is in the Northern District of Georgia. Additionally, Defendant Bobo Intriguing Objects, LLC is registered with the Georgia Secretary of State as a

Domestic Limited Liability Company, and it lists its principal office address as: 5345-B Fulton Industrial Boulevard, Atlanta, Georgia, 30336, Fulton County, which is in the Northern District of Georgia. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## TOLLING AGREEMENT

8. Plaintiff and Defendants entered into a tolling agreement prior to the filing of this complaint. The tolling agreement tolled the statute of limitations from July 6, 2022 to October 10, 2022.

## THE PARTIES

**Plaintiff:**

9. Gerardo Sanchez, was at all relevant times, an adult individual residing at 500 Northside Circle, Atlanta, Georgia, 30309, which is in Fulton County.

**Defendants:**

10. Bobo Intriguing Objects, LLC is an active Georgia limited liability company. Its principal place of business is: 5345-B Fulton Industrial Boulevard, Atlanta,

Georgia, 30336, Fulton County.

11. Mark Sage, upon information and belief is an owner, officer, director and/or managing agent of Bobo Intriguing Objects, LLC. Mr. Sage's address is unknown at this time.

12. Mr. Sage participated in the day-to-day operations of Bobo Intriguing Objects, LLC, and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Bobo Intriguing Objects, LLC.

13. Upon information and belief, Mr. Sage jointly set the unlawful payroll policies complained of in this complaint for Bobo Intriguing Objects, LLC.

14. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce, in that they furniture manufacturing store that obtains materials from all over the United States for use in their furniture, such as: wood, cloth, leather, cleaning products, saws, and other industrial equipment manufactured outside of Georgia. Additionally, Defendants ship their furniture goods regularly to customers outside of Georgia, affecting interstate commerce. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17. At all relevant times, Defendants have been in the furniture manufacturing industry, and ship their furniture to customers all over the United States.

18. Plaintiff was employed by Defendants as a shipping associate from approximately October 2016 to April 26, 2022.

19. As a shipping associate, Plaintiff's job duties included: preparing furniture items for shipping, packing boxes, and cleaning the worksite.

20. Plaintiff was paid $15 per hour in 2019 and 2020, but his rate was increased to $16 per hour on January 1, 2021.

21. Plaintiff typically worked 10 hours each day, six days a week, from 8 a.m. to

6 p.m. However, Plaintiff has also worked as late at 7 p.m. when required by Defendants.

22. On average, Plaintiff worked 60 hours each week, but on occasion worked as many as 70 hours in a single week.

23. Throughout Plaintiff's employment, Defendants maintained a time clock. Plaintiff was required to clock-in when arriving at work, and clock-out when leaving work.

24. Throughout Plaintiff's employment, Plaintiff was straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

25. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay him overtime wages.

26. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings him First Cause of

Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from October 13, 2019 to October 13, 2022, through the entry of judgment in this case (the "Collective Action Period"), who worked as furniture manufacturers, laborers, shipping associates, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

28. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

29. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

30. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same

force and effect as though fully set forth herein.

31. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

32. Defendants failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 13, 2022

                Respectfully submitted,

                **s/ Brandon A. Thomas**
                BRANDON A. THOMAS
                **GA BAR NO.: 742344**
                The Law Offices of Brandon A. Thomas, PC
                1 Glenlake Parkway, Suite 650
                Atlanta, GA 30328
                Tel: (678) 862-9344

Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com