## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GERARDO SANCHEZ, JUAN MENDOZA, and DREICUS WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>BOBO INTRIGUING OBJECTS, LLC and MARK SAGE, Jointly and Severally,<br><br>Defendants. | Case No.<br>1:22-cv-04103-JPB |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, by and through undersigned counsel, Brandon A. Thomas, pursuant to Fed. R. Civ. P. 15(a)(2), moves this Court for leave to file an Amended Complaint.[1] In support of this motion, Plaintiff shows the following:

1. On October 13, 2022, Plaintiff filed his initial Complaint (Doc. 1), in the above-captioned case.

2. On January 19, 2023, this Court issued its Scheduling Order (Doc. 11), adopting the Parties' Joint Preliminary Report and Discovery Plan (Doc.

---

[1] A proposed Amended Complaint has been attached to this filing as Exhibit A (Doc. 23-1).

10). The Joint Preliminary Report and Discovery Plan stated that the deadline for the Parties to amend pleadings would be 30 days after the Joint Preliminary Report and Discovery Plan was filed.[2]

3. Plaintiff has a need to file an amended complaint to add facts about opt-in Plaintiffs Juan Mendoza and Dreicus Wilson, who will now be proceeding as named plaintiffs in this case.[3]

4. Plaintiffs also have a need to amend their complaint to add facts about their travel time while working for Defendants, for which they are owed overtime compensation.[4] Additionally, Plaintiffs would like to amend their complaint to further clarify their use of the timekeeping system, and their managers' exclusive ability to alter their timesheets.[5] This is critical because the timekeeping program is the primary mechanism used by Defendants to record Plaintiffs' hours worked.[6]

5. A district court should freely give leave to amend a complaint when justice so requires. See F.R.C.P. 15(a)(2); See also Foman v. Davis, 371 U.S. 178 (1962);

---

[2] See Joint Preliminary Report and Discovery Plan (Doc. 10), p. 5, para. 6.
[3] See Proposed Amended Complaint (Doc. 23-1), paras. 28-33.
[4] Id., paras. 2, 22-24, and 36-37.
[5] Id., paras. 36-37.
[6] Id., para. 36.

Borden, Inc. v. Florida E. Coast Ry. Co., 772 F.2d 750, 757 (11th Cir.1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

6. Plaintiff's reason for amendment is not futile, as prima facia facts about the hours worked by Plaintiffs are essential elements of an FLSA complaint.

7. There is no prejudice caused to Defendants by allowing Plaintiff to amend his complaint. Only one set of written discovery has been completed in this case.[7] Additionally, as of the date of this filing, no depositions have occurred in this case.[8] Thus, there is no prejudice to Defendants.

8. Therefore, Plaintiff respectfully requests that this Court grant leave to file his Amended Complaint (Doc. 23-1), attached to this filing as Exhibit A.

Dated: March 22, 2023

                                        Respectfully submitted,

                                        **s/ Brandon A. Thomas**

---

[7] See Certificate of Service, Defendant's Objections and Responses to Plaintiff's First Set of Discovery Requests (Doc. 17).
[8] See Fourth Notice of 30(b)(6) Deposition (Doc. 22). This deposition is set to occur on April 12, 2023.

  **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 862-9344
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com