IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERARDO SANCHEZ, Individually and On Behalf of All Those Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOBO INTRIGUING OBJECTS, LLC and MARK SAGE, Jointly and Severally,<br><br>　　　　Defendants. | Civil Action No. 1:22-cv-04103-JPB |

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW, Plaintiff Gerardo Sanchez ("Plaintiff")[1] and Defendants Bobo Intriguing Objects, LLC and Mark Sage ("Defendants") (collectively with Plaintiff as the "Parties"), by and through their respective undersigned counsel, hereby jointly move that (a) this Court approve the Parties' settlement of Plaintiff's claim for alleged unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and related claims, which is memorialized in the

---

[1] This case is being resolved as to named plaintiff Gerado Sanchez, as well as opt-in plaintiffs Juan Mendoza and Dreicus Wilson, who have filed consent forms with this Court. *See* Plaintiff's First Notice of Consent Filings (Dkt. No. 3); *See also* Mickles v. Country Club, Inc., 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required").

Parties' Settlement Agreement and Release of Claims ("Settlement Agreement," attached as Exhibit A) and (b) after approving the Parties' settlement, this Court dismiss this lawsuit *with prejudice*. Because Plaintiff's wage-based claims arise under the FLSA, the Parties' settlement requires approval by this Court.

In support of this Joint Motion to Approve Settlement and Incorporated Memorandum of Law ("Joint Motion"), the Parties state as follows:

1. On October 13, 2022, Plaintiff filed his Collective Action Complaint in this Court asserting a claim based on Defendants' alleged violations of the FLSA, and seeking the recovery of unpaid overtime wages, liquidated damages, costs, and attorneys' fees. (Dkt. No. 1). On October 17, 2023, Plaintiff filed opt-in consent forms signed by Juan Mendoza and Dreicus Wilson to join this case (collectively with Plaintiff Sanchez as the "Plaintiffs"). (Dkt. Nos. 3-2, 3-3).

2. Defendants deny that they violated the FLSA with respect to Plaintiffs or any other employee and deny that Plaintiffs are entitled to the relief sought in the Complaint. However, in an effort to avoid additional costs and expenses related to continued litigation, the Parties have engaged in mediation and further settlement discussions. The Parties have evaluated the allegations made by Plaintiff and the defenses asserted by Defendant. In agreeing upon the resolution memorialized in their Settlement Agreement, both sides evaluated – and took into account – the cost

of protracted litigation (in terms of time, money, and other resources) and the risk of winning or losing. The Parties believe there has been sufficient investigation and exchange of information to allow counsel for both sides to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter.

3. Under the terms of the settlement, Plaintiffs will receive a total of $19,250.00, with the attorney's fees and costs to be decided separately by the Court.

4. The Parties jointly agree that the terms of their settlement are appropriate in light of all the facts and legal standards applicable and seek the Court's approval of the settlement and stipulate to the dismissal of this action with prejudice. Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). A district court should approve a settlement if it was reached as a result of contested litigation, and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Id.*

5. In this case, this dispute is *bona fide*. Plaintiffs claim they are entitled to unpaid overtime wages. Defendants have at all times denied – and continue to deny – they violated the FLSA with respect to Plaintiffs' employment with

Defendant Bobo or otherwise. Specifically, Defendants contend that Plaintiffs were properly paid for all hours worked during the course of their employment with Defendant Bobo. In addition, even if Plaintiffs could establish that they were entitled to overtime compensation for hours worked during some or all of the time periods at issue (which Defendants deny Plaintiffs can do), the Parties would also disagree regarding the number of hours at issue and the correct method for calculating the amount of the allegedly unpaid compensation. As such, a *bona fide* dispute exists between the Parties with respect to Plaintiffs' claims for allegedly unpaid overtime compensation – (a) with respect to whether liability exists at all; (b) the number of hours Plaintiffs worked; and (c) the proper calculation of Plaintiffs' purported damages (assuming *arguendo* that Plaintiffs could prove liability for any damages).

6. The proposed settlement is also fair and reasonable. At all times during the litigation, Plaintiffs and Defendant have been represented by counsel experienced in the litigation of wage and hour claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed FLSA claims. Additionally, Defendants view the settlement amount as significantly more than what Plaintiffs would be owed (assuming *arguendo* that Plaintiffs could prove liability for any damages) and

therefore supports a release of all claims. Moreover, Plaintiffs expressly stipulate and agree that the settlement amount represents the full and fair value of their claims. Lastly, the fact that the settlement amount was reached through mediation, further demonstrates that the settlement is fair. As such, the terms of the Settlement Agreement are inherently fair, just, and reasonable.

7.  The Parties, therefore, respectfully submit that the Settlement Agreement they have entered into is consistent with the intent and purpose of the FLSA, and the legal requirements of *Lynn's Food Stores, Inc.*, as well as all of the relevant criteria support approval of the ultimate settlement in this matter.

8.  Moreover, there has been no collusion, fraud, or any other inappropriate conduct in this case. Courts have found that an absence of fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.*, Case No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at * 4 (M.D. Fla. Dec. 26, 2006) (applying *Lynn's Food Stores, Inc.*). Here, each Party was independently represented by counsel with experience litigating wage and hour claims, and each counsel vigorously represented their client's rights. Further, the amounts to be paid to Plaintiffs under the Settlement Agreement represent full and fair resolution of Plaintiffs' claims.

9. Further, because the Parties were unable to reach an agreement as to Plaintiffs' counsel's reasonable attorney's fees, costs and expenses, the Settlement Agreement does not contain a component addressing this amount. However, the Parties have agreed that Plaintiffs are prevailing parties for the purposes of settlement. The Parties request that the Court retain jurisdiction to decide Plaintiffs' counsel's attorney's fees, costs, and expenses, after Plaintiffs' counsel has submitted a petition for fees.

10. Lastly, the probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to pursue this matter, they would be forced to engage in costly deposition discovery, to prepare and/or defend against one or more motions for summary judgment, and possibly, prepare for and conduct any potential hearings. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and costs.

11. The Parties would request the following briefing schedule for the consideration of attorney's fees and costs: Plaintiff's counsel will file his motion for attorney's fees and costs within 14 days of this settlement being approved, Defendants will file their response within 14 days, and Plaintiff's counsel will file his reply, if any, within 14 days of Defendants' response.

12. Based on the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion and enter an order dismissing Plaintiff's action *with prejudice*.  A proposed order is attached as Exhibit B.

WHEREFORE, the Parties respectfully request the Court grant this Joint Motion and enter the Proposed Order: (1) approving the Parties' settlement; and (2) dismissing this action with prejudice.

Respectfully submitted this 3rd day of October 2023.

| | |
|---|---|
| */s/ Brandon A. Thomas*\* | */s/ Leslie A. Dent* |
| Brandon A. Thomas, Bar No. 742344 | Leslie A. Dent, Bar No. 218566 |
| brandon@overtimeclaimslawyer.com | ldent@littler.com |
| | Pierre-Joseph Noebes, Bar No. 537216 |
| THE LAW OFFICES OF BRANDON A. THOMAS PC | pnoebes@littler.com |
| 1 Glenlake Parkway, Suite 650 | LITTLER MENDELSON, P.C. |
| Atlanta, GA  30328 | 3424 Peachtree Road N.E. |
| Telephone: 678.862.9344 | Suite 1200 |
| Facsimile:  678.638.6201 | Atlanta, GA  30326.1127 |
| | Telephone: 404.233.0330 |
| Attorney for Plaintiffs | Facsimile:  404.233.2361 |
| *\*Signed with express permission* | |
| | Attorneys for Defendants |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/ Leslie A. Dent*
Leslie A. Dent
Georgia Bar No. 218566
Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GERARDO SANCHEZ, Individually and On Behalf of All Those Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>BOBO INTRIGUING OBJECTS, LLC and MARK SAGE, Jointly and Severally,<br><br>    Defendants. | Civil Action No. 1:22-cv-04103-JPB |

## CERTIFICATE OF SERVICE

I hereby certify on this 3rd day of October, 2023, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

> Brandon A. Thomas
> The Law Offices of Brandon A. Thomas, PC
> 1 Glenlake Parkway, Suite 650
> Atlanta, GA 30328
> brandon@overtimeclaimslawyer.com

    */s/ Leslie A. Dent*
    Leslie A. Dent, Bar No. 218566
    Attorney for Defendants