UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERARDO SANCHEZ, Individually and on Behalf of All Those Similarly Situated,

    Plaintiff,

v.

BOBO INTRIGUING OBJECTS, LLC, et al.,

    Defendants.

CIVIL ACTION NO.:
1:22-CV-04103-JPB

## ORDER

This matter is before the Court on Gerardo Sanchez's ("Plaintiff") Motion for Attorney's Fees and Costs [Doc. 38]. This Court finds as follows:

## BACKGROUND

Plaintiff, individually and on behalf of all others similarly situated, filed suit against Bobo Intriguing Objects, LLC and Mark Sage ("Defendants") on October 13, 2022, alleging violations of the Fair Labor Standards Act ("FLSA"). [Doc. 1]. Within a few days, on October 17, 2022, Plaintiff filed a notice stating that Juan Mendoza and Dreicus Wilson ("Opt-in Plaintiffs") consented to opt into the action. [Doc. 3].

The Court entered a Scheduling Order on January 19, 2023, and the parties were given four months to complete discovery. [Doc 11]. While the parties did some written discovery, the parties never took any depositions in the case. On March 7, 2023, the parties filed a Joint Motion to Stay Proceedings. [Doc. 19]. In the motion, the parties asked for a stay of proceedings to permit them to explore resolution of the claims without unnecessarily expending the parties' resources. Id. at 1. The stay was granted, and the case was stayed through and including April 11, 2023.

On March 25, 2023, Defendants moved to extend the stay. [Doc. 24]. Plaintiff opposed the stay until Defendants provided certain discovery. [Doc. 25]. Ultimately, Defendants provided the requested discovery, and this matter was stayed and referred to a United States Magistrate Judge for mediation. [Doc. 30].

The parties, including Opt-in Plaintiffs, mediated their dispute on July 25, 2023, and July 31, 2023, and reached a partial settlement. The total amount of the settlement was $19,250 with Plaintiff and Opt-in Plaintiffs recovering back wages. Notably, the parties could not agree on the proper amount of attorney's fees and left the issue for the Court to decide.

After the settlement agreement was approved, Plaintiff filed the instant Motion for Attorney's Fees. [Doc. 38]. In the motion, Plaintiff seeks attorney's

fees in the amount of $34,129, supplemental attorney's fees in the amount of $1,980 and costs in the amount of $1,353. In opposing Plaintiff's request, Defendants assert that the amount sought is "completely unreasonable" because Plaintiff did not file a single motion, never moved for conditional certification and failed to take a single deposition. [Doc. 40, pp. 2–3]. Ultimately, Defendants assert that counsel should be awarded only $4,455.66 in fees, which purportedly represents 22% of the properly calculated lodestar.

## DISCUSSION

### I.   Attorney's Fees

A prevailing party in an FLSA suit is entitled to recover "reasonable" attorney's fees. Walker v. Iron Sushi, LLC., 752 F. App'x. 910, 913 (11th Cir. 2018). In determining what constitutes a reasonable fee, courts must calculate the "lodestar," which is the product of multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. Martinez v. Hernando Cnty. Sheriff's Off., 579 F. App'x 710, 713 (11th Cir. 2014). Twelve factors guide courts in deciding what a reasonable hourly rate is and what number of compensable hours is reasonable. These factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).  Importantly, a strong presumption exists that the lodestar is the reasonable sum the attorney deserves.  Id. at 1350.

### a. Reasonable Hourly Rate

Plaintiff's counsel seeks to be compensated at an hourly rate of $350 for 2022 and an hourly rate of $360 for 2023.  A "reasonable hourly rate" is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In this case, Defendants do not assert that either of the requested hourly rates are unreasonable.  After considering Brandon A. Thomas's affidavit [Doc. 38-15], this Court finds that the rates fall within the range of the prevailing market rates for persons with similar experience, skill and reputation.  Thus, the Court concludes that the respective rates billed are reasonable.

### b. Number of Hours Reasonably Expended

The Court must also ascertain the number of hours reasonably expended in litigating this case. In determining the number of hours reasonably expended, courts must consider whether the work sought to be compensated was useful and of a type ordinarily necessary to secure the final result obtained from the litigation. Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 556 (1985). Courts must exclude from this initial fee calculation hours that were "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Here, Plaintiff's counsel seeks to be compensated for 95.5 hours of work. To support this request, counsel provided detailed billing records and an affidavit. In arguing that Plaintiff is entitled to less than $5,000 in fees, Defendants contend that many of the hours were unnecessary or excessive. In the analysis that follows, the Court will address Defendants' specific objections to the time submissions.

Defendants first challenge the time entries relating to the notices for the Rule 30(b)(6) depositions.[1]  Defendants argue that the Court should exclude the time because the notices were "replete with topics entirely irrelevant to the case and

---

[1] Defendants ask the Court to strike 12.4 hours of time, which was billed on January 23, 2023; February 7, 8, 17 and 23, 2023; and March 1, 2, 7 and 14, 2023.

5

served no purpose other than to frustrate Defendants' good-faith efforts to resolve this matter." [Doc. 40, p. 12]. The Court disagrees. The Court reviewed the 30(b)(6) notices and does not find that they contained an overabundance of irrelevant topics or that their purpose was to frustrate settlement efforts.[2] As such, the Court finds that the time spent on the 30(b)(6) notices was reasonable and necessary.

Defendants also argue that the Court should strike the time spent preparing the declaration of Orlando Delgado.[3] Defendants assert that the time should be excluded because the declaration was prepared during the initial stay of the case, which was intended to afford the parties an opportunity to explore resolution. Although the case was stayed so that the parties could attempt to resolve the case, it is the Court's view that Plaintiff is still entitled to interview witnesses to ensure that he has all the facts he needs to proceed to mediation. As such, the Court does not find that the minimal time spent relating to the Delgado declaration was unnecessary or excessive. The Court will thus not strike the time.

---

[2] Defendants never identify for the Court what topics were irrelevant in the 30(b)(6) notices. See Norman, 836 F.2d 1292, 1301 (stating that objections and proof from fee opponents must be "reasonably precise").

[3] As to this request, Defendants ask the Court to strike 3.9 hours of time, which was billed on March 7, 19 and 20, 2023.

6

Defendants next challenge two hours' worth of time relating to Plaintiff's Rule 37 letters. According to Defendants, Plaintiff wrote the letters in an effort to create discovery disputes where none should have existed. The Court does not agree that the Rule 37 letters were unnecessary. The record reflects that while Defendants had turned over some of the requested discovery, Defendants had not provided the requested bank records, which were needed to facilitate settlement. As such, the Court will not strike the time spent drafting the Rule 37 letters because the time spent on the task was reasonable.

Defendants additionally argue that the Court should strike all of counsel's time "associated with pleadings copied and pasted from other matters." [Doc. 40, p. 13]. Specifically, Defendants ask the Court to strike the 3.2 hours counsel spent drafting the complaint. The Court has reviewed the complaint, which is ten pages, and finds that the 3.2 hours counsel spent drafting it was not unreasonable.

Defendants further assert that the Court should exclude the time Plaintiff's counsel spent "drafting non-substantive responses to Defendants' counsel's correspondence."[4] Although Defendants allege that the responses to the letters were non-substantive, Defendants failed to provide the Court with a copy of their

---

[4] Defendants ask the Court to strike 2.8 hours of time, which was billed on October 21, 24 and 28, 2023.

7

letters or the purportedly non-responsive letters.  See ACLU v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) ("Those opposing fee applications have obligations . . . [and] 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'").  In reviewing the billing statements, Plaintiff's counsel stated that he drafted a letter to defense counsel analyzing individual liability, damages and timeclock issues and that he composed two separate e-mails to defense counsel requesting additional records.  2.8 hours is a reasonable amount of time to spend on these tasks.  The Court will not strike this time.

      Defendants claim that Plaintiff's counsel spent too long doing specific tasks.  More particularly, Defendants argue that reviewing the answer should have taken less than thirty minutes instead of an hour.  Defendants also contend that reviewing the Court's standing order should have taken less than 1.2 hours and reviewing the initial disclosures should have taken less than 0.8 hours.  The standing order in this case is forty-seven pages, Defendants' answer is sixteen pages and the initial disclosures are eleven pages.  Given the length of these documents, the Court does not find that Plaintiff's counsel spent an unreasonable amount of time reviewing them.

Defendants further assert that the hours should be reduced because the billing records are "replete with duplicative and redundant entries." [Doc. 40, p. 16]. For example, Defendants assert that there is an entry on May 31, 2022, for a phone conference with Orlando Delgado to discuss Defendants' pay practices and that there were additional phone conferences later to discuss the very same topics. Defendants also assert that there are multiple hours long entries reviewing the same pay and time records. The Court does not find that Plaintiff's counsel was unreasonable by having multiple conversations with Delgado or reviewing the pay records on more than one occasion.

Defendants also argue that the March 1, 2023 entry regarding research on individual liability should be excluded because the entry does not provide any information as to why this information was needed after the complaint was filed. The Court disagrees that a plaintiff in an FLSA action would have no need to research after the filing of a complaint. As such, the Court does not find that the mere one hour of research was unreasonable.

Finally, Defendants contend that there are four instances in which counsel "triple billed" for his conversations with Plaintiff and Opt-in Plaintiffs. Defendants seem to suggest that every time counsel conveyed a settlement offer or other information about the case, he should have done so via a conference call with

9

all involved instead of individual phone calls.  The Court disagrees.  It was not unreasonable for Plaintiff's counsel to make separate phone calls.

Ultimately, the Court finds that Plaintiff provided sufficient and persuasive documents to support the requested fees.  As such, the Court finds that the 25.1 hours billed in 2022 and 70.4 hours billed in 2023 were reasonable.  Moreover, the Court finds that the 5.5 hours billed litigating the motion for fees was also reasonable.

      **c. Extent of Plaintiff's Success**

Defendants also argue that counsel's fees should be adjusted based on Plaintiff's degree of success.  Specifically, Defendants contend that because Plaintiff settled the claim for $19,250, instead of $87,675, the amount initially demanded, the lodestar should be reduced.  The Court does not find that the settlement amount justifies lowering the lodestar.  Indeed, a fair, reasonable and just settlement was reached in this case.  Moreover, in the Joint Motion to Approve Settlement, Defendants admitted that they viewed the settlement amount as "significantly more than what Plaintiffs would be owed."  [Doc. 36, p. 5].  Because the settlement was fair, the Court disagrees with Defendants that Plaintiff was not successful.  In sum, the Court finds that the results obtained by Plaintiff does not justify an across-the-board reduction in fees.

**II. Costs**

Plaintiff requests $1,353 in costs. Federal Rule of Civil Procedure 54(d)(1) provides that a court should award costs to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure or a court order provides otherwise. Allowable costs include the following: (1) fees for the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts or interpreters. 28 U.S.C. § 1920. Significantly, a strong presumption exists that costs are to be awarded to a prevailing party. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).

In this case, Plaintiff seeks $402 for the filing fee for the complaint in this case, $945 for Spanish interpreter fees and $6 for parking at defense counsel's office. Apart from the fee for parking, it appears that Plaintiff's expenses fall within the ambit of reimbursable costs as defined in 28 U.S.C. § 1920. Indeed, a prevailing party is entitled to recover docket fees and fees for interpreters. Plaintiff's requested costs are supported by the evidence submitted with the Motion

for Attorney's Fees and appear to be accurate and reasonable.  Moreover, Defendants do not object to Plaintiff's request for costs.

Ultimately, this Court finds that Plaintiff's request for costs reflects the amounts properly taxable to Defendants as the non-prevailing party.  The Clerk is **DIRECTED** to tax the following costs against Plaintiff:

| | |
|---|---|
| Filing Fee | $402 |
| Interpreter Fees | $945 |
| Parking | $0 |
| **Total** | **$1,347** |

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Costs [Doc. 38] is **GRANTED**.  Defendants are **HEREBY ORDERED** to pay Plaintiff $37,456.

**SO ORDERED** this 23rd day of May, 2024.

J. P. BOULEE
United States District Judge